**[J-105-2020] [MO: Saylor, C.J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 33 MAP 2020 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court at No. 3538 EDA |
| | : | 2018 dated August 21, 2019, |
| v. | : | Reconsideration Denied October 25, |
| | : | 2019, Reversing the Judgment of |
| | : | Sentence dated June 19, 2017 of |
| H.D., | : | the Bucks County Court of Common |
| | : | Pleas, Criminal Division, at No. CP- |
| Appellee | : | 09-CR-0005878-2016 and |
| | : | Remanding for a New Trial. |
| | : | |
| | : | ARGUED:  December 2, 2020 |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                    **DECIDED:  March 25, 2021**

I respectfully disagree with the majority's decision insofar as it declines to honor the plain language of Section 2904(b)(1), and find that an objectively reasonable belief is required to constitute a defense under the statute.   The majority's interpretation necessitating only a subjective belief contravenes the objectively reasonable standard which permeates our law, and with which we typically interpret our statutes.  In a myriad of ways, reasonability and objectivity are the touchstones of our laws.  Indeed, in many other areas of the law, we repeatedly rely on a reasonableness inquiry as a default. Nevertheless, today's decision allows defendants to satisfy a less demanding burden, that of merely an unreasonable belief, that brings with it the added risk of malfeasance.

In eschewing this objective standard set forth by the Commonwealth, the majority points out that Section 2904 does not contain the particular language explicitly specifying

such an interpretation. Maj. Op. at 9 ("[W]hile the Commonwealth correctly highlights that the Legislature has explicitly required a reasonable belief to support justification defenses under Chapter 5 of the Crimes Code . . . this in no way supports a rule that all justification defenses should be predicated upon a reasonable belief. Instead, Chapter 5 illustrates that the General Assembly knows how to insert a reasonable belief element into a defense when that is its intention."). However, the same can be said for the majority's interpretation of the statute applying a subjective belief standard. Had the General Assembly intended us to allow unreasonable beliefs as a defense, it surely would have specified so. As this Court has articulated, the statutes of this Commonwealth must be construed in accordance with the rules of statutory construction. When interpreting a statute, our objective is to give full effect to its plain language. 1 Pa.C.S. § 1921. Plainly, the language of this statute does not prescribe a tolerance of honest but unreasonable beliefs. Such direction is conspicuous, given the law's usual preference for objectivity.

As its justification for finding that the belief requirement of Section 2904(b)(1) follows a subjective standard, the majority relies on the General Assembly's adherence to the text of the Model Penal Code to deduce that the General Assembly must have intended to adhere to the same policy initiatives. Majority Op. at 8-9 ("We decline the Commonwealth's invitation to infer that the General Assembly blindly patterned Section 2904(b)(1) after Section 212.5 of the Model Penal Code, without any apprehension of the overt policy choice underlying that provision which was made manifest in its terms."). Respectfully, I do not agree. It is undoubtedly true that the Model Penal Code intended to afford latitude to parents in an emotionally charged situation. Maj. Op. at 8 (citing MPC & Commentaries, pt. II, § 212.4, cmt. 3, at 259 ("[I]t was thought preferable to preclude conviction of this offense merely on proof of negligence, and [the relevant defense] therefore requires only an honest belief that the actor's conduct was 'necessary to

preserve the child from danger to its welfare.'")). However, in my opinion, the General Assembly neither adopts nor refutes the policy initiatives espoused in the Model Penal Code. It simply does not specify. Our legislature has given us no reason to abandon the objectively reasonable basis with which we typically interpret our statutes in the name of a policy it does not note.[1] *See* 18 Pa.C.S. § 2904, Westlaw Editor's and Revisor's Note, Uniform Law: This section is *similar* to § 212.4 of the Model Penal Code (emphasis added).

Lastly, I disagree with the majority's conclusion, under the guise of a statutory construction analysis, that the General Assembly intended to import a subjective test. As the majority concludes, "it is not irrational for the Legislature to credit the explicit premises of the model law from which Section 2904(b)(1) was derived, *i.e.* that consideration should be given to the emotional dynamic of custody disputes, and that the courts' contempt powers are sufficient to address unreasonable belief intrusions upon child custody falling short of kidnapping." Maj. Op. at 9. In so stating, the majority references the well-established principle to which this Court is bound: that, when ascertaining the legislature's intent, we must presume "the General Assembly does not intend a result that is absurd . . . or unreasonable." 1 Pa.C.S. § 1922. However, I find this policy no more or less reasonable than the competing policy espoused by the Commonwealth, which would protect the interests of the remaining parent, whose custody has been hindered. Simply put, I do not find the majority's logic compelling enough to abandon the usual principles

---

[1] The majority notes, "it would be extraordinary for lawmakers to attempt to impose a materially different connotation on borrowed terminology without saying so." Maj. Op. at 9. However, as stated *infra*, I find it equally as extraordinary that the statute would be read to include reasonable and unreasonable beliefs. Without a doubt, reading Section 2904(b)(1) so as to encompass subjective beliefs severely curtails the prosecution of this crime since the conduct this section excuses is nearly coterminous with the actions the General Assembly intended to criminalize.

that guide the construction of our statutes.  Accordingly, for the aforementioned reasons, I respectfully dissent.